# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DANIEL R. WADSWORTH and DANA L. WADSWORTH,**

    **Plaintiffs,**

**v.**              **Case No:  6:18-cv-1445-Orl-41DCI**

**FEDERAL INSURANCE COMPANY,**

    **Defendant.**

---

# REPORT AND RECOMMENDATION

This cause comes before the Court for consideration with oral argument on the following motion and response to the September 28, 2018 order to show cause:

| | |
|---|---|
| **MOTION:** | **MOTION TO REMAND (Doc. 9)** |
| **FILED:** | **September 28, 2018** |

**THEREON** it is respectfully **RECOMMENDED** that the motion be **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE (Doc. 11)** |
| **FILED:** | **October 11, 2018** |

**THEREON** it is respectfully **RECOMMENDED** that the case be **REMANDED** to state court due to Defendant's failure to sufficiently establish that the Court has subject matter jurisdiction over the case.

## I.      Background

On or about May 17, 2017, Plaintiffs' residence was allegedly "damaged by water, collapse, sinkhole, sinkhole activity, ground cover collapse, and/or . . . other peril[.]" Doc. 1-4 at ¶ 2.  At the time the damage occurred, Plaintiffs' residence was covered by an insurance policy (the Policy) issued by Defendant.  *Id.* at ¶ 3.  Thus, after learning of the damage to their residence, Plaintiffs filed a claim with Defendant.  In response to Plaintiffs' claim, Defendant hired an engineering company that inspected Plaintiffs' residence on May 23 and June 14, 2017.  Doc. 9 at ¶ 7 (citing Doc. 9-1 at ¶ 4).[1]  Following the inspections, Defendant denied coverage.

### A.  State Court Proceedings

On September 5, 2017, Plaintiffs filed a complaint against Defendant in the Ninth Judicial Circuit Court, in and for Orange County, Florida.  Doc. 1-4.  In the Complaint, Plaintiffs alleged that the Policy covered their loss.  Thus, Plaintiffs asserted a claim for breach of contract claiming in excess of $15,000.00 in damages,[2] as well as a claim for declaratory judgment.  *Id.* at ¶¶ 1, 3, 7-19.

On October 27, 2017, Plaintiffs' counsel spoke with Defendant's counsel over the telephone and informed him that Plaintiffs were "seeking in the rage of 'several hundred thousand dollars[.]'"  Doc. 9 at ¶ 12 (citing Doc. 9-1 at ¶ 5).

On October 30, 2017, Defendant filed an answer and affirmative defenses to Plaintiffs' claim for breach of contract.  Doc. 1-13.  That same day, Defendant filed a motion to dismiss

---

[1] The record contains no evidence about the results of the May 23 and June 14, 2017 inspections.

[2] The Complaint is silent as the precise amount of damages that Plaintiffs are seeking.  *See* Doc. 1-4.

Plaintiffs' claim for declaratory judgment.  Doc. 1-14.  In light of Defendant's motion to dismiss, Plaintiffs voluntarily dismissed their claim for declaratory judgment.  Doc. 1-15.

Following the dismissal of Plaintiffs' claim for declaratory judgment, the parties continued to conduct discovery.  *See* Docs. 1-17; 1-18; 1-19; 1-20; 1-21; 1-22.

On March 1, 2018, Defendant hired a licensed general contractor to inspect Plaintiffs' residence.  Doc. 9 at ¶ 13 (citing Doc. 9-1 at ¶ 6).[3]

On June 12, 2018, Defendant served Plaintiffs with written discovery, which, in relevant part, sought information and documents concerning the nature and amount of Plaintiffs' damages. Docs. 1-20; 1-21; 1-22.

On June 15, 2018, the state court entered an order setting a status hearing in the case for September 21, 2018.  Doc. 1-23.

On August 2, 2018, Defendant filed a motion seeking to compel Plaintiffs to respond to Defendant's written discovery.  Doc. 1-24.

On August 17, 2018, Defendant's counsel sent Plaintiffs' counsel an email asking him to confirm whether Plaintiffs are seeking damages in excess of the jurisdictional amount.  Doc. 1-27 at 5.  In the same email, Defendant's counsel stated that if he did not hear from Plaintiffs' counsel by August 24, 2018, then Defendant's counsel would assume that Plaintiffs are seeking in excess of the jurisdictional amount.  *Id*.  According to Defendant's counsel, Plaintiffs' counsel never responded to the August 17, 2018 email.  *Id*. at 3, ¶ 3.

On August 22, 2018, Defendant's counsel called and spoke with Plaintiffs' counsel.  *Id*. at 3, ¶ 4.  During that conversation, Plaintiffs' counsel stated that Plaintiffs "are seeking in the range of 'several hundred thousand dollars' in this lawsuit."  *Id*.

---

[3] The record contains no evidence about the results of March 1, 2018 inspection.

On August 27, 2018, Defendant's counsel sent Plaintiffs' counsel an email stating that based on their previous conversation Defendant's counsel assumed that Plaintiffs are, in fact, seeking damages in excess of the jurisdictional amount. *Id*. at 5. In the same email, Defendant's counsel requested that Plaintiffs' counsel notify him whether that assumption was incorrect. *Id*. According to Defendant's counsel, Plaintiffs' counsel never responded to the August 27, 2018 email. *Id*. at ¶ 6.

On August 31, 2018, and prior to a ruling on Defendant's motion to compel, Defendant filed a notice in state court that Defendant was removing the case to federal court. Doc. 1-25.

### B. Federal Court Proceedings

On September 5, 2018, exactly one year after Plaintiffs filed this case in state court, Defendant file a notice of removal with this Court. Doc. 1 (the Notice of Removal). In the Notice of Removal, Defendant claimed that this Court has diversity jurisdiction over the case. *Id*. Specifically, with respect to the parties' citizenship, Defendant claimed that Plaintiffs are Florida citizens because they resided in Florida and Defendant is a citizen of Indiana (its place of incorporation) and New Jersey (its principal place of business). *Id*. at ¶¶ 4, 6. As for the amount in controversy, Defendant claimed that its counsel's August 2018 emails and telephone conversation with Plaintiffs' counsel demonstrated that Plaintiffs were seeking damages in excess of the jurisdictional amount. *Id*. at ¶¶ 12-18.

Upon review of the Complaint and Notice of Removal, the undersigned found that Defendant did not sufficiently demonstrate that the parties were completely diverse or that the amount in controversy exceeded the jurisdictional amount. Doc. 8 at 3. First, the undersigned found that Plaintiffs' residence, standing alone, was not sufficient to establish that Plaintiffs are citizens of Florida. *Id*. Thus, the undersigned concluded that Defendant had not sufficiently

demonstrated that the parties are completely diverse. *Id*.  Second, the undersigned found that the evidence that Defendant relied on to establish the amount in controversy did not satisfy Defendant's burden to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeded the jurisdictional amount. *Id*. at 4.  Accordingly, on September 28, 2018, the undersigned entered an order to show cause directing Defendant to show cause in writing why the case should not be remanded to state court for a lack of subject matter jurisdiction. *Id*. at 4-5 (the Order to Show Cause).

That same day, Plaintiffs filed a motion to remand the case to state court.  Doc. 9 (the Motion to Remand).  In the Motion to Remand, Plaintiffs argued that the removal was untimely pursuant to 28 U.S.C. § 1446(b) and that Defendant waived its right to remove the case based on the actions Defendant took defending the case while it was pending in state court. *Id*. at 4-7.  Thus, Plaintiffs requested that the case be remanded to state court and they be awarded attorney fees and costs pursuant to 28 U.S.C. § 1447(c). *Id*. at 7-8.

On October 11, 2018, Defendant filed a response to the Order to Show Cause, providing additional evidence in support of its claim that Plaintiffs are citizens of Florida and reiterating Defendant's position that the amount in controversy exceeded the jurisdictional amount.  Doc. 11.[4] That same day, Defendant filed a response in opposition to the Motion to Remand, arguing that Defendant timely removed the case and did not waive its right to remove the case.  Doc. 12.

On October 30, 2018, the undersigned held a hearing on the Order to Show Cause and the Motion to Remand.  Doc. 16.  At the hearing, the parties provided arguments consistent with the briefing, but they did not provide any additional evidence to support their respective positions.

---

[4] In support of Defendant's claim concerning the amount in controversy, Defendant cited documents created after the case was removed.  Doc. 11 at 4-5 (citing Docs. 9 (the Motion to Remand); 11-5 (September 25, 2018 email from Plaintiffs' counsel to Defendant's counsel)).

## II.     Discussion

The case is due to be remanded because Defendant failed to demonstrate that the Court has subject matter jurisdiction over the case.  As such, Plaintiffs' timeliness and waiver arguments are due to be denied as moot.  Further, even if the undersigned found that the evidence on which Defendant relied to remove the case was sufficient to establish that the Court has subject matter jurisdiction over the case, then remand would still be appropriate for the reasons articulated in the Motion to Remand, to wit: the case was untimely removed, and Defendant waived its right to remove the case.  Either way, this case is due to be remanded.

### A.  Defendant Failed to Sufficiently Demonstrate Subject Matter Jurisdiction

Defendant removed this case on the basis of diversity jurisdiction.  Doc. 1.  A defendant may remove from state to federal court any civil action over which the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).  An individual is a citizen of the state in which he is domiciled, which is the state where the individual maintains his "true, fixed, and permanent

home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1).

Upon review of the Complaint and Notice of Removal, the undersigned found that Defendant did not sufficiently demonstrate that the parties were completely diverse or that the amount in controversy exceeded the jurisdictional amount. Doc. 8. Thus, the undersigned entered the Order to Show Cause, directing Defendant to show cause why the case should not be remanded for a lack of subject matter jurisdiction. *Id*. In response, Defendant provided additional evidence that sufficiently demonstrated that the parties are completely diverse. Doc. 11 at 1-2 (citing Docs. 11-1; 11-2). But Defendant did not provide additional argument or evidence that sufficiently demonstrates that the amount in controversy exceeds the jurisdictional amount.

The Complaint does not contain any allegations setting forth the amount in controversy. *See* Doc. 1-4. Thus, since the damages are unspecified, Defendant bears "the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). In an effort to satisfy this burden, Defendant initially relied on the following evidence in the Notice of Removal, all from August 2018:

- Defendant's counsel's August 17, 2018 email to Plaintiffs' counsel asking him to confirm whether Plaintiffs are seeking damages in excess of $75,000.00. Doc. 1-27 at 5.

- An affidavit from Defendant's counsel averring that, during an August 22, 2018 telephone call with Plaintiffs' counsel, Plaintiffs' counsel stated that Plaintiffs were "seeking in the range of 'several hundred thousand dollars' in this lawsuit." Doc. 1-27 at 3, ¶ 4.

- Defendant's counsel's August 27, 2018 email to Plaintiffs' counsel again asking him to confirm whether Plaintiffs are seeking damages in excess of $75,000.00. Doc. 1-27 at 5.

Doc. 1 at ¶¶ 12-17.

In the Order to Show Cause, the undersigned found that the August 2018 communications Defendant relied on were insufficient to satisfy Defendant's burden of demonstrating that the amount in controversy exceeded the jurisdictional limit. Doc. 8. The undersigned explained:

> The one-sided emails discussed above and Defendant's counsel's telephone conversations with Plaintiff's counsel, standing alone, do not satisfy Defendant's burden to demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Morris v. Bailo*, Case No. 2:17-cv-224-FtM-99CM, 2017 WL 7355308, at *1 (M.D. Fla. May 1, 2017) (finding email chain were counsel estimates plaintiff's damages insufficient to establish the amount in controversy by a preponderance of the evidence). Indeed, there are no documents (e.g., appraisals, damage estimates, invoices for repairs) that support the possibility that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

*Id*. at 4. Thus, for this and other reasons, the undersigned directed Defendant to show cause in writing why the case should not be remanded for lack of subject matter jurisdiction. *Id*.

In response to the Order to Show Cause, Defendant maintained that the August 2018 communications sufficiently demonstrated that the amount in controversy exceed the jurisdictional amount. Doc. 11 at 3-4. In addition, Defendant pointed to the following two pieces of evidence in support of its claim that the amount in controversy exceeds the jurisdictional amount, both documents created after removal but documenting an October 2017 telephone conversation between counsel:

- Plaintiffs' counsel's September 25, 2018 email to Defendant's counsel confirming that in October 2017 Plaintiffs' counsel informed Defendant's counsel that Plaintiffs would be seeking "hundreds of thousands of dollars" to repair their residence. Doc. 11-5.

- Plaintiffs' statements in the Motion to Remand indicating that in October 2017 their counsel informed Defendant's counsel that Plaintiffs were seeking "hundreds of thousands of dollars" in damages. Doc. 9.

Doc. 11 at 4-5.

In sum, the Court has before it as evidence: an October 2017 telephone conversation between counsel (documented in a post-removal email and the Motion to Remand);[5] two August 2018 emails from Defendant's counsel; and an August 2018 telephone conversation between counsel (documented in Defendant's counsel's affidavit).  Upon consideration of the evidence before the Court, the undersigned finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.

First, with respect to the August 2018 emails, Plaintiffs never responded to those emails in writing – although arguably Plaintiffs' counsel responded to the first email via the intervening telephone call and the case was removed just a few days after the second email.  Doc. 1-27 at 3-4. Considering the evidence before the Court, the emails cannot reasonably be viewed as sufficiently demonstrating that the amount in controversy exceeds the jurisdictional amount.  *See Seoanes v. Capital One Bank (USA) N.A.*, Case No. 6:13-cv-1568-Orl-37GJK, 2013 WL 6283651, at *3 (M.D. Fla. Dec. 4, 2013) (finding plaintiff's refusal to stipulate that the amount in controversy did not exceed the jurisdictional amount does not, standing alone, support a finding that the amount in controversy exceeds the jurisdictional amount).

Second, with respect to the August 2018 telephone conversation described in Defendant's counsel's affidavit, the conversation is not sufficient to establish that the amount in controversy exceeds the jurisdictional amount.  As an initial matter, the undersigned is concerned that a telephonic conversation between counsel may not even be the type of evidence that can be relied on to establish that the amount in controversy exceeds the jurisdictional amount.  *See McAndrew v. Nolen*, 2009 WL 259735, at *4 (N.D. Fla. Feb. 4, 2009) (finding defendants' counsel's

---

[5] The October 2017 telephone call is also documented in an affidavit that Plaintiffs' counsel submitted in support of the Motion to Remand.  Doc. 9-1 at ¶ 5.

"reasonable belief" that the amount in controversy exceeded the jurisdictional amount based on plaintiffs' counsel's statements over the telephone that plaintiffs' medical expenses totaled $160,000.00 was not sufficient to establish that the amount in controversy exceeded the jurisdictional amount); *Cf. Lowery*, 483 F.3d at 1213 n.62 (noting that settlement offers, demand letters, and even emails estimating damages may qualify as "other relevant papers" that can be relied on in demonstrating that the amount in controversy exceeds the jurisdictional amount); *but see Perez v. Advance Stores Co., Inc.*, Case No. 2:12-cv-556-FtM-99SPC, 2012 WL 12916057, at *2 (M.D. Fla. Dec. 12, 2012) (finding defendant's counsel's unrefuted declaration that plaintiff's counsel's statement over the telephone that plaintiff's medical bills totaled $84,921.60 was sufficient to establish that the amount in controversy exceeded the jurisdictional amount).  But even if an attorney's statement over the telephone may be the kind of evidence through which a removing party may carry its burden, the statement here that Plaintiffs are seeking "several hundred thousand dollars" in damages, without more (such as specific justification for that amount, appraisals, damage estimates, or invoices for repairs), is equivalent to written puffery and, thus, is insufficient to establish that the amount in controversy exceeds the jurisdictional amount.  *See Morris v. Bailo*, Case No. 2:17-cv-224-FtM-99CM, 2017 WL 7355308, at *1 (M.D. Fla. May 1, 2017) (finding email chain were plaintiff's counsel "attests to a 'ball park figure' of $500,000 in damages" insufficient to establish the amount in controversy by a preponderance of the evidence).

Third, the October 2017 telephone conversation between counsel as evidenced by the September 2018 email and Plaintiffs' statements within the Motion to Remand is insufficient to demonstrate that the amount in controversy exceeds the jurisdictional amount.  Like Plaintiffs' counsel's statements during the August 2018 telephone conversation, Plaintiffs' counsel's statements during the October 2017 conversation are nothing more than unsupported puffery,

which is insufficient to establish that the amount in controversy exceeds the jurisdictional amount.

*See Morris*, 2017 WL 7355308, at *1.[6]

In summary, Defendant relied on the following evidence in support of its claim that the amount in controversy exceeds the jurisdictional amount:

- Defendant's counsel's August 17, 2018 email to Plaintiffs' counsel asking him to confirm whether Plaintiffs are seeking damages in excess of $75,000.00.  Doc. 1-27 at 5.

- An affidavit from Defendant's counsel averring that, during an August 22, 2018 telephone call with Plaintiffs' counsel, Plaintiffs' counsel stated that Plaintiffs were "seeking in the range of 'several hundred thousand dollars' in this lawsuit."  Doc. 1-27 at 3, ¶ 4.

- Defendant's counsel's August 27, 2018 email to Plaintiffs' counsel again asking him to confirm whether Plaintiffs are seeking damages in excess of $75,000.00.  Doc. 1-27 at 5.

- Plaintiffs' counsel's September 25, 2018 email to Defendant's counsel confirming that in October 2017 Plaintiffs' counsel informed Defendant's counsel that Plaintiffs would be seeking "hundreds of thousands of dollars" to repair their residence.  Doc. 11-5.

- Plaintiffs' statements in the Motion to Remand indicating that in October 2017 their counsel informed Defendant's counsel that Plaintiffs were seeking "hundreds of thousands of dollars" in damages.  Doc. 9.

Docs. 1; 11.  At base, this evidence constitutes two instances of puffery – once in October 2017 and again in August 2018 – and two, arguably-un-responded-to emails surrounding the second instance of puffery.  The undersigned finds that this evidence is insufficient to demonstrate, by a

---

[6] The September 25, 2018 email and the Motion to Remand were created more than a year after the case was filed in state court.  Thus, the more stringent bad faith standard set forth in § 1446(c)(1) may arguably apply when considering the impact of such evidence.  28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action").  Defendant, however, has made no showing of bad faith.

preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. Therefore, the case is due to be remanded and the Motion to Remand be denied as moot.

> **B. Even if the Evidence Defendant Relied on was Sufficient to Demonstrate that the Amount in Controversy Exceeds the Jurisdictional Amount, the Case should Still be Remanded**

Even if the undersigned found that the evidence on which Defendant relied to remove the case was sufficient to establish that the amount in controversy exceeds the jurisdictional amount, remand would still be appropriate for reasons articulated in the Motion to Remand, to wit: the case was untimely removed, and Defendant waived its right to remove the case.

A plaintiff may move to remand a case based, in relevant part, on a procedural defect in the removal of the case. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1043-44 (11th Cir. 2001) (citing 28 U.S.C. § 1447(c)). Due to "significant federalism concerns arising in the context of federal removal jurisdiction," removal requirements and limitations are "strictly interpreted and enforced." *Russell*, 264 F.3d at 1049.

Under the removal statute, the notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). However, if, as here, "the case stated by the initial pleading is not removable," then a notice of removal may be filed within 30 days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. Thus, if a defendant removes a case more than 30 days after the date the defendant received "an amended pleading, motion, order or other paper from which it" could first ascertain the case was removable, the removal will be untimely and the case subject to remand. § 1446(b)(3).

Further, a defendant can waive the ability to remove a case "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (citation omitted).  In order for the waiver to occur, the "defendant must proceed in state court despite having notice of its right to remove the case." *Mead v. IDS Property Cas. Ins. Co.*, Case No. 8:13-cv-2206-T-24-AEP, 2013 WL 12157838, at *6 (M.D. Fla. Nov. 26, 2013) (quoting *Del Rio v. Scottsdale Ins. Co.*, Case No. 6:05-cv-1429-Orl-19JGG, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005)).  "Whether the state court defendant had waived his right to remove based on 'active participation must be made on a case-by-case basis.'" *Yusefzadeh*, 365 F.3d at 1246 (citing *Hill v. State Farm Mutual Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)).

Defendant argued that the communications that occurred in August 2018 between counsel demonstrate that the amount in controversy exceeds the jurisdictional amount.  Doc. 1 at ¶¶ 12-17 (citing Doc. 1-27).  Even if the undersigned accepted this argument (which he does not), the record contains evidence that Defendant was in possession of the same information in October 2017.  Specifically, Plaintiffs' counsel averred that on October 27, 2017, he spoke with Defendant's counsel over the telephone and informed counsel that Plaintiffs were seeking "in the range of several hundred thousand dollars in this lawsuit to repair their property."  Doc. 9-1 at ¶ 5.  This averment is uncontroverted and demonstrates that Defendant knew long ago that Plaintiffs were seeking several hundred thousand dollars in damages.[7]  There is no material difference between

---

[7] It is worth noting that Defendant had ample opportunity to determine the nature and the amount of damage to Plaintiffs' residence.  Indeed, in 2017 prior to the filing of the state case and again on March 1, 2018, Defendant's contractors inspected the residence.  Docs. 9-1 at ¶¶ 4, 6.  Despite the inspections, which presumably provided insight into the nature and amount of damage to the residence, Defendant waited many months after the inspections to remove the case.

the information Defendant received in October 2017 and the information it received in August 2018.  Thus, if the undersigned accepted Defendant's argument that the information it received in August 2018 was sufficient to establish that the amount in controversy exceeds the jurisdictional amount, the same must be true for the conversation that occurred in October 2017.  Therefore, if the undersigned accepts Defendant's position about the sufficiency of the evidence it relied on to establish the amount of controversy, the undersigned would find (and respectfully recommends that the Court find) Defendant's removal untimely since Defendant was in possession of the same information almost a year before it removed the case.

Similarly, if the undersigned were to accept Defendant's argument that the conversations that occurred in August 2018 were sufficient to demonstrate that the amount in controversy exceeds the jurisdictional amount, then the undersigned would also find that Defendant waived its right to removal.  As discussed, there is no material difference between the information Defendant received in October 2017 and the information it received in August 2018.  Yet, despite Defendant's awareness in October 2017 of Plaintiffs' claimed damages, Defendant proceeded to defend against the case in state court, as evidenced by its answer (Doc. 1-13), its motion to dismiss (Doc. 1-14), its response to Plaintiffs' written discovery (Docs. 1-17; 1-18; 1-19), its inspection of Plaintiffs' residence on March 1, 2018 (Doc. 9-1 at ¶ 6), its service of written discovery, which was not solely limited to discovering information relevant to establishing the amount in controversy (Docs. 1-20; 1-21; 1-22), and its motion to compel (Doc. 1-24).  Any one of these actions may not be sufficient to support a finding of waiver.  But viewing Defendant's actions in state court altogether – and especially considering the broad scope of Defendant's written discovery – leads to a finding that Defendant chose to defend this case in state court despite its awareness of the amount of damages Plaintiffs claimed to be seeking.  Therefore, if the undersigned accepts Defendant's position about

the sufficiency of the evidence it relied on to establish the amount of controversy, the undersigned would find (and respectfully recommends that the Court find) that Defendant waived its right to remove the case since it was in possession of the same information in October 2017 and, despite that fact, continued to litigate in state court for almost a year before removing the case.

In summary, the undersigned finds that even if the evidence Defendant relied on in support of removing this case is sufficient to establish that the amount in controversy exceeds the jurisdictional amount, the case should still be remanded because, as Plaintiffs argued in the Motion to Remand, the removal was untimely and Defendant waived its right to remove.

## III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The case be **REMANDED** to state court;

2. The Motion to Remand (Doc. 9) be **DENIED as moot**;[8] and

3. The Clerk be directed to close the case

---

[8] But if the Court disagrees with the undersigned's recommendation that the case should be remanded for a lack of subject matter jurisdiction, the undersigned respectfully recommends that the Motion to Remand (Doc. 9) be **GRANTED in part,** the case be **REMANDED** to state court, and the Court **RETAIN** jurisdiction for the sole purpose of determining whether Plaintiffs should be awarded fees pursuant to § 1447(c).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 6, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy